[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-1918

 UNITED STATES,

 Appellee,

 v.

 MANUEL DE-LA-ROSA,
 A/K/A CAYAYO,
 A/K/A GREGORIO FABIAN,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge] 

 

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges. 

 

Joseph Frattallone-Marti on brief for appellant. 
Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa 
and Desiree Laborde-Sanfiorenzo, Assistant United States Attorneys, on
brief for appellee.

 

 January 30, 1998
 

 Per Curiam. Defendant-appellant Manuel de la Rosa 

appeals from his sentence entered after his guilty plea to

three counts charging him and two co-defendants with

attempting to bring illegal aliens by boat from the Dominican

Republic into the United States, at a place other than a

designated port of entry, in violation of 8 U.S.C. 

1324(a)(1)(A)(i) and 18 U.S.C. 2. Rosa appeals only one

aspect of his sentence: the district court's decision to

make an upward departure from the imprisonment range dictated

by the guidelines because the offense involved dangerous

treatment.

 We have carefully reviewed the record and applied the

three-part review process established in United States v. 

Diaz-Villafane, 874 F.2d 43 (1st Cir. 1989). The departure 

in this case satisfies each step in the process. The

relevant guideline provision (application note 5 to 2L1.1

of the 1995 Guidelines Manual) satisfies step one of the

Diaz-Villafane analysis by specifically providing that the 

circumstances relied upon by the district court are of a kind

that may appropriately be relied upon to justify departure.

See United States v. Reyes, 927 F.2d 48, 52 (1st Cir. 1991). 

Step two is satisfied by the undisputed facts in the record

which support the district court's findings. Finally, the

magnitude of the departure is not beyond the realm of

 -2-

reasonableness. See id. at 53 (upholding departure which 

tripled term provided by guideline range).

 Rosa's complaint about an unwarranted disparity between

his sentence and the sentences received by his co-defendants

is unfounded. "Absent misapplication of the Guidelines, the

mere fact of the disparity is of no consequence." United 

States v. Rodriguez, 63 F.3d 1159, 1168 (1st Cir. 1995). In 

this case, there was no misapplication of the guidelines and

the record contains a fully adequate explanation for the

disparity. See United States v. Trinidad de la Rosa, 916 

F.2d 27, 30 (1st Cir. 1990) (holding that co-defendant should

not receive an upward departure for dangerous conditions

where he neither owned the boat nor determined the number of

passengers). "The Constitution permits qualitative

differences in meting out punishment and there is no

requirement that two persons convicted of the same offense

receive identical sentences." Williams v. Illinois, 399 U.S. 

235, 243 (1970).

 Finally, Rosa's claim that the district court

impermissibly double counted by using his status as captain

of the vessel to increase his sentence in two ways, is also

without merit. "Several factors may draw upon the same

nucleus of operative facts while nonetheless responding to

discrete concerns. Consequently, a degree of relatedness,

without more, does not comprise double counting." United 

 -3-

States v. Lilly, 13 F.3d 15, 19 (1st Cir. 1994). The 

leadership-role enhancement and the upward departure for

dangerous treatment are "neither conceptually nor factually

equivalent." Rodriguez, 63 F.2d at 1169. There was no 

double counting in this case.

 Rosa's sentence is affirmed. See Loc. R. 27.1. 

 -4-